UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
MAPSSY INTERNATIONAL, INC.,             :
                                        :    Honorable Madeline Cox Arleo
                    Plaintiff,          :    Civil Action No. 08-3037 (WHW)
                                        :
v.                                      :    **REPORT AND RECOMMENDATION**
                                        :
HUDSON VALLEY TRADING, INC.             :
and RICHARD D. RUDOLPH,                 :
                                        :
                    Defendants.         :
_____:

## BACKGROUND

On June 18, 2008, plaintiff, Mapssy International, Inc. ("plaintiff"), filed the Complaint. On August 22, 2008, defendants Hudson Valley Trading, Inc. ("Hudson Valley") and Richard D. Rudolph ("Rudolph") (sometimes collectively "defendants") filed an Answer with affirmative defenses and asserted Counterclaims against plaintiff.

On September 12, 2008, the Court entered a Letter Order, scheduling an initial conference for December 1, 2008. The September 12th Letter Order directed, inter alia, the parties to exchange Fed. R. Civ. P. 26 disclosures and serve written discovery. The September 12th Letter Order further directed that all parties who were not appearing pro se must be represented by counsel. The September 12th Scheduling Order emphasized that failure to comply with the terms therein may result in the imposition of sanctions.

On December 1, 2008, counsel for both plaintiff and defendants appeared at the conference. On December 5, 2008, the Court issued a Pretrial Scheduling Order, which set forth, among other things, deadlines for discovery and amendments to the pleadings. The Order also

scheduled a telephone status/settlement conference for May 11, 2009 and directed each party to submit a confidential settlement position paper. The Order further admonished that failure to comply with the Order would result in sanctions pursuant to Fed. R. Civ. P. 16(f) and 37.

Beginning on January 8, 2009, the parties jointly requested, among other things, the first of seven extensions of the discovery deadline. The Court granted each request, resetting the discovery deadlines and adjourning several of the Court ordered status/settlement conferences. At the in person conferences held on October 13, 2009 and January 27, 2010, respectively, counsel for both plaintiff and defendants appeared.

On July 7, 2011, defense counsel Michael Oxman, Esq., filed a motion to withdraw as counsel for defendants. The basis of Mr. Oxman's motion was defendants' failure to cooperate in preparing a defense for this litigation, and failure to pay Mr. Oxman's outstanding legal fees. On July 27, 2011, this Court granted Mr. Oxman's motion and directed him to provide defendants with copies of the Order.[1] As to the individual defendant, Rudolph was directed to have new counsel enter an appearance on his behalf within 30 days of the July 27th Order, or by September 8, 2011. If new counsel was not secured by that date, Rudolph would be deemed to be proceeding on a pro se basis and required to attend all court appearances.

As to corporate defendant Hudson Valley, the Court directed the company to have new counsel enter an appearance on its behalf within 30 days of the July 27th Order, or by September 8, 2011, as a corporate entity cannot represent itself under applicable law. See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1966). The Order also provided that if new counsel

---

[1] On June 24, 2011, this case was reassigned to the undersigned.

failed to enter an appearance on behalf of Hudson Valley by September 8, 2011, the Court would ask the District Judge to strike its Answer (Dkt. No. 4) and to enter default against it. The Order further directed all parties to appear for a status conference on September 8, 2011, and highlighted that failure to comply with the terms therein would result in sanctions.

On September 8, 2011, only plaintiff's counsel appeared at the conference. No party or counsel appeared on behalf of either defendant. On September 19, 2011, this Court issued an Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P 16(f), arising out of the failure of pro se individual defendant Rudolph to attend the Court ordered status conference on September 8, 2011, and the failure of corporate defendant Hudson Valley to retain counsel to enter an appearance on its behalf at the September 8th conference. The Order to Show Cause was returnable on October 26, 2011. Defendants were directed to file any written submissions with the Court by October 20, 2011.

Before the October 26, 2011 hearing, neither defendant filed any written submissions. On October 26, 2011, no party or counsel appeared on behalf of either defendant at the conference.

## DISCUSSION

*A.   Imposition of Sanctions Against Corporate Defendant Hudson Valley*

The failure of corporate defendant Hudson Valley to retain counsel requires this Court to recommend that the District Court strike the Answer with affirmative defenses and Counterclaims as to this corporate defendant (Dkt. No. 4), order that default be entered against it, and permit plaintiff to proceed to judgment by default as to Hudson Valley. It is well-settled in the Third Circuit that corporations cannot represent themselves pro se. See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1996).

3

Following the Court's Order of July 27, 2011 relieving Mr. Oxman as defense counsel, the Court essentially afforded Hudson Valley more than sixty days to retain new counsel, and explained that a corporate entity cannot represent itself under applicable law. Additionally, the Court warned Hudson Valley that, if counsel failed to enter an appearance on its behalf by September 8, 2011, this Court would ask the District Court to strike its Answer and enter default against it.

Despite the Court's order, Hudson Valley has not retained counsel. Further, counsel failed to appear on its behalf at both the September 8, 2011 conference and the October 26, 2011 Order to Show Cause hearing. Therefore, I recommend that the District Court strike the Answer and Counterclaims of corporate defendant Hudson Valley (Docket Entry No. 4), enter default judgment against it, and allow plaintiff to proceed to judgment by default as to defendant Hudson Valley.

### B.     *Imposition of Sanctions Against Individual Defendant Rudolph*

The failure of individual defendant Rudolph to comply with the Orders of this Court requires this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868.

4

The Court is required to balance each factor in its analysis. Id.

        1.        The Extent of Rudolph's Personal Responsibility

Following the Court's Order relieving Mr. Oxman as counsel for defendants, the Court essentially afforded individual defendant Rudolph more than sixty days to retain new counsel or appear before the Court on a pro se basis. Instead, Rudolph chose not to appear before the Court on September 8, 2011 or October 26, 2011 as directed. This Court finds that Rudolph is personally responsible for his failure to comply with the Orders of this Court. His failure to appear and defend against this action demonstrates a willful decision to disregard the orders of the Court. Despite the Court's warnings that continued failure to comply would result in sanctions, up to and including, entry of default, Rudolph ignored the Court's Orders of July 27, 2011 and September 19, 2011.

Rudolph is not exempt from responsibility for failure to abide by Court orders simply because he is treated as a pro se litigant. "[A]ll litigants, including pro ses, have an obligation to comply with Court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994). Rudolph continuously failed to comply with court ordered appearances for conferences.

Rudolph made a purposeful decision to refuse to appear for court ordered conferences. Accordingly, this factor favors striking Rudolph's Answer with affirmative defenses and Counterclaims, entering default judgment against him, and allowing plaintiff to proceed to judgment by default as to Rudolph.

        2.        Prejudice to Plaintiff

Based on Rudolph's decision to disregard court orders, plaintiff is incapable of

prosecuting its claims against him. Despite multiple Orders from this Court, Rudolph has not attended in person conferences or otherwise defended against this case. The inaction of Rudolph has prejudiced plaintiff in its ability to proceed with discovery. Indeed, based on Rudolph's inaction, it is impossible for plaintiff to understand his defenses and Counterclaims and adequately respond to same.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). There, plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion. The court explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Id. Prejudice also includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citations omitted).

Here, the prejudice is palpable. Plaintiff is unable to ascertain the defenses of Rudolph in this suit or prosecute its claims against him. The decision not to appear at court ordered conferences or otherwise defend against plaintiff's claims weighs in favor of striking Rudolph's Answer and Counterclaims, entering default against him, and allowing plaintiff to proceed to judgment by default as to Rudolph.

    3.    <u>History of Dilatoriness</u>

Again, Rudolph has made no attempt to explain his failure to defend against this action or

appear for court appearances since his attorney withdrew from the case. As set forth above, this Court made several efforts to permit Rudolph to defend against this suit by adjourning the court ordered conferences, repeatedly extending discovery deadlines, allowing time to secure new counsel after Mr. Oxman withdrew from the case, and issuing an Order to Show Cause wherein he was directed to appear for the previously missed September 8, 2011 Conference.

Poulis makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history...of ignoring these time limits is intolerable." 747 F.2d at 868. Rudolph has failed to either retain counsel or appear at court hearings on September 8, 2011 (resulting in an Order To Show Cause) and October 26, 2011. Despite court orders and deadlines, discovery remains outstanding. Therefore, this factor weighs in favor of striking Rudolph's Answer and Counterclaims, ordering that default be entered against him, and allowing plaintiff to proceed to judgment by default as to Rudolph.

    4.    Rudolph's Conduct Has Been Willful

Following his attorney's withdrawal from the case, at no time did Rudolph ever attempt to contact the Court or otherwise present a defense in this action. Given Rudolph's failure to provide any explanation for his failure to participate in his defense of this case, the Court finds his failure to comply with court orders was willful in nature. As set forth above, Rudolph has failed to appear for in person conferences. Such conduct demonstrates willfulness. Accordingly, the absence of a reasonable excuse suggests willful conduct or bad faith. See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of Plaintiff's counsel"). This factor warrants striking Rudolph's Answer and

Counterclaims, ordering that default be entered against him, and allowing plaintiff to proceed to judgment by default as to Rudolph.

      5.      <u>Effectiveness of Alternative Sanctions</u>

As the record reflects, this Court has provided Rudolph several opportunities to appear at court ordered conferences and defend against this suit.  The record is also replete with the failures of Rudolph to do so.  To continue to allow Rudolph further opportunities to appear at court conferences and present a defense to plaintiff's claims would make this case impossible for the Court to move forward and for plaintiff to prosecute its claims.  Defendant's refusal to follow Court Orders has been evidenced since his attorney's withdrawal from the case.

The Court has the power to strike a pleading and/or render a judgment by default as a sanction against a party who fails to obey an order regarding discovery.  <u>See</u> Fed.R.Civ.P. 37(b)(2).  Rudolph has made it clear that he will not defend against plaintiff's claims.  Despite court orders, the non-compliance has continued.  The case cannot move forward.  Plaintiff is prejudiced. The only appropriate sanction here is to strike defendant Rudolph's Answer and Counterclaims, order that default be entered against him, and allow plaintiff to proceed to judgment by default as to Rudolph.

      6.      <u>Meritoriousness of the Defense</u>

The Court has reviewed Rudolph's Answer to the Complaint.  However, given the bare-boned nature of the pleading, the Court cannot adequately evaluate the merits, if any, of his defense.  Accordingly, as it is not necessary for the Court to reach this factor to recommend striking his Answer, and allowing plaintiff to proceed to judgment by default as to Rudolph, and enter default against him, this Court declines to consider this factor in weighing the

recommended sanctions.

## CONCLUSION

This Court's recommendation of striking the Answer and Counterclaims of defendants Hudson Valley and Richard D. Rudolph, ordering that default be entered against them, and allowing plaintiff to proceed to default judgment as to these defendants, is not made lightly. However, this Court is convinced that it is left with no alternative. This Court offered defendants multiple opportunities to appear at court ordered conferences, but to no avail. The Court also repeatedly warned them that continuation of this conduct would result in sanctions. Furthermore, with regard to corporate defendant Hudson Valley, corporations cannot represent themselves pro se under settled Third Circuit law. See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1996). Under the circumstances, no less onerous sanction would be appropriate.

For the reasons set forth above, I recommend that the District Court strike the Answer and Counterclaims of pro se defendant Richard D. Rudolph and corporate defendant Hudson Valley (Dkt. No. 4), order that default be entered against them, and that plaintiff be allowed to proceed to judgment by default as to pro se defendant Richard D. Rudolph and corporate defendant Hudson Valley. The parties have fourteen (14) days from receipt hereof to file and serve objections.

Respectfully submitted,

*s/Madeline Cox Arleo*
MADELINE COX ARLEO
United States Magistrate Judge

Dated: December 1, 2011

cc: Hon. William H. Walls, U.S.D.J.
     Clerk of the Court
     All Parties
     File