NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAPSSY INTERNATIONAL, INC., : | |
| : | |
| Plaintiff, : | **ORDER** |
| : | |
| v. : | Civ. No. 08-3037 (WHW) |
| : | |
| HUDSON VALLEY TRADING, INC. and : | |
| RICHARD D. RUDOLPH, : | |
| : | |
| Defendants. : | |

**Walls, Senior District Judge**

M.J. Arleo, by her December 1, 2011 Report, recommends that the Court strike the August 22, 2008 Answer and Counterclaims by Defendants Hudson Valley Trading, Inc. ("Hudson Valley") and Richard D. Rudolph ("Rudolph"), direct that the Clerk enter default against these defendants, and allow the plaintiff to proceed to judgment by default pursuant to Fed. R. Civ. P. 16(f) for failure to comply with and respond to orders issued in this case.

Counsel for Hudson Valley and Rudolph withdrew on July 27, 2011, at which time he was directed to provide his clients with a copy of the order granting his motion to withdraw. This July 27, 2011 Order directed all parties to appear for a status conference on September 8, 2011. On September 19, 2011 Magistrate Judge Arleo issued an Order to Show Cause arising out of Defendants' failure to appear at the September 8, 2011 conference. This Order was mailed to

**NOT FOR PUBLICATION**

Hudson Valley and Rudolph at the address listed as Hudson Valley's business address. The Defendants then failed to appear at the October 26, 2011 Order to Show Cause hearing.

The Court reviews the Report and Recommendation under 28 U.S.C. § 636 and Local Civil Rule 72.1. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). No objections have been raised to any part of the Report and Recommendation.

After review of the report and the record, the Court finds that the December 1, 2011 Report and Recommendation documents the failure of Defendants to appear when required and otherwise comply with the Magistrate Judge's orders. The Court finds that the December 1, 2011 Report and Recommendation documents the failure of corporate defendant Hudson Valley to retain counsel, despite being warned that failure to do so would result in a recommendation to strike Hudson Valley's Answer and enter default against it. As a corporate defendant cannot proceed pro se, the Report recommends that this Court strike the August 22, 2008 Answer and Counterclaims of corporate defendant Hudson Valley and direct the Clerk to enter default against it. The report also documents the failure of individual pro se Defendant Rudolph to appear or otherwise comply with the Magistrate Judge's orders. Applying the six-factor test established by the Third Circuit in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Report and Recommendation concludes that the appropriate sanction for this conduct would be to strike the August 22, 2008 Answer and Counterclaims by this defendant and direct the Clerk to enter default against him. The Court adopts the December 1, 2011 Report and Recommendation and imposes the recommended sanctions.

**NOT FOR PUBLICATION**

It is, on this 14th day of March, 2012:

ORDERED that the Answer and Counterclaims of Defendants Hudson Valley Trading, Inc. and Richard D. Rudolph (ECF Doc. No. 4) are stricken; and

ORDERED that the Clerk of Court shall enter default against Defendants Hudson Valley Trading, Inc. and Richard D. Rudolph.

                                                        **/s/ William H. Walls**

                                                        United States Senior District Judge