NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MAPSSY INTERNATIONAL, INC., | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 08-3037 |
| | : | |
| HUDSON VALLEY TRADING INC. and RICHARD D. RUDOLPH, | : | |
| | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

Plaintiff Mapssy International, Inc. ("Mapssy") moves for default judgment pursuant to Fed. R. Civ. P. 55, against Defendants Hudson Valley Trading Inc. ("HVT") and Richard D. Rudolph ("Rudolph"). Mapssy brings action against HVT for breaching their funding agreement, and brings action against Rudolph seeking enforcement of Rudolph's personal guaranty of the funding agreement. Mapssy brings action against both HVT and Rudolph for breach of duty for conversion of property. Pursuant to Federal Rule of Civil Procedure 78, the motion is decided without oral argument. Mapssy's motion for default judgment is granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 14, 2004, Mapssy and HVT entered into a funding agreement. Compl. ¶6. Mapssy agreed to fund HVT a minimum of $30,000 a month for overhead expenses, arrange for the opening of letters of credit for HVT's suppliers, and pay direct costs of HVT's import goods

1

**NOT FOR PUBLICATION**

from HVT's suppliers. Id. ¶7. In return, HVT agreed to repay all sums advanced by Mapssy, and pay an 8% commission – subject to a minimum annual commission of $240,000.00 – of HVT's gross sales financed by Mapssy. Id. ¶8. In an amended funding agreement the parties later increased the commission to 9%. Id. HVT assigned to Mapssy the right to directly collect all amounts due from HVT's customers with respect to transactions financed by Mapssy. Id. ¶9.

On the same day, Rudolph, as President of HVT, executed a personal guaranty of HVT's full payment and performance of its obligations to Mapssy. Id. ¶10.

In March of 2007, HVT's sales were insufficient to support the debt incurred under the funding agreement. Id. ¶11. In May of 2007, Rudolph and Mapssy renegotiated a repayment plan for the due amount, and Mapssy advanced an additional $52,020.09 to HVT. Id. ¶¶12-13. But shortly thereafter, HVT stopped assigning receivables to Mapssy, which eliminated most of the funds for repayment of the monies advanced by Mapssy. Id. ¶14. In addition, HVT re-hypothecated the inventory and receivables securing Mapssy's loans to HVT and obtained financing from another funding institution. Id. ¶4.

On June 17, 2008, Mapssy filed a Complaint in this court alleging HVT breached the funding agreement. The Complaint additionally alleges that pursuant to the guaranty, Rudolph is "primarily responsible and liable for performance of all of HVT's obligations under and pursuant to the Funding Agreement." Id. ¶23. Finally, the Complaint alleges HVT converted property belonging to Mapssy when, after receiving from HVT's customer's payments on accounts of invoices and receivables previously transferred and sold by HVT to Mapssy, HVT failed to hold such property for Mapssy, and instead converted it for the benefit of HVT and Rudolph. Id. ¶¶ 24-31. In sum, Mapssy alleges the total debt due amounts to $417,672.20, together with interest accruing thereon at contractual rate. Id.¶20.

**NOT FOR PUBLICATION**

Following Plaintiff's filing, on August 22, 2008, Defendants HVT and Rudolph responded by filing an Answer and Counterclaims. Then, on July 7, 2011, Defendants' counsel moved to withdraw as counsel of record, which was granted on July 27, 2011. Subsequently, Defendants failed to appear at a status conference on September 8, 2011 and failed to present good cause regarding their absence. On September 19, 2011, Magistrate Judge Arleo issued an Order to Show Cause on October 26, 2011. Defendants did not appear or respond. Following Magistrate Judge Arleo's recommendations, this Court ordered that Defendants' August 22, 2008 Answer and Counterclaims be stricken, and that the Clerk of the Court enter default judgment against HVT and Rudolph. This motion for default judgment followed.

Mapssy seeks relief in the amount of $477,672.20 together with interest at the contractual rate, reasonable attorney's fees, costs and disbursements incurred in this action, and any such other and further relief as this Court deems appropriate. Mot. for Default J. at 5.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The power to grant default judgment "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted). Because the entry of default prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). Accordingly, the Third Circuit has clarified that, while "the entry of a default judgment is left primarily to the discretion of the district court," this "discretion is not

without limits," and cases should be "disposed of on the merits whenever practicable." Hritz at 1181 (citations omitted). See also $55,518.05 in U.S. Currency, 728 F.2d at 194-95.

The Third Circuit considers three factors in determining "whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). The court must, however, make "an independent inquiry into 'whether the unchallenged facts constitute a legitimate cause of action'" and "must make an independent determination" regarding questions of law. Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C., No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007). Similarly, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I.     Jurisdiction

Before entering a default judgment against the party "that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the

subject matter and the parties." Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, LLC., No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008).

### A. *Subject Matter Jurisdiction*

This Court has original jurisdiction over matters in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $ 75,000. 28 U.S.C. § 1332. Mapssy is a citizen of New Jersey and Defendants HVT and Rudolph are citizens of New York. Mot. for Default J. Exh. 2, Guaranty ¶3.  The amount in controversy exceeds $75,000. This Court has subject matter jurisdiction.

### B. *Personal Jurisdiction*

All parties have consented to this Court's jurisdiction. Under Article 7, Section 7.12 of the funding agreement, Mapssy and HVT "consent[ed] to the exclusive jurisdiction of the state or federal courts located in the city of Newark, New Jersey." 2004 Funding Agreement, Art. 7, Sect. 7.11. Rudolph's guaranty contains the identical provision. Mot. for Default J. Ex. 2, Guaranty ¶3. This Court has personal jurisdiction.

## II.  Liability

Because a party seeking a default judgment is not entitled to such relief as a matter of right, the court may enter a default judgment "only if the plaintiff's factual allegations establish a right to the requested relief." Nautilus Ins. Co. v. Triple C. Const. Inc.*,* No. 10–2164, 2011 WL 42889, at *4 (D.N.J. Jan.6, 2011).  Accepting all facts alleged by Mapssy as true, this section will examine whether Mapssy has sufficiently established a right to its requested relief.

New Jersey state law governs both the funding agreement and Rudolph's personal guaranty.  ("This Agreement shall be governed and construed in accordance with the laws of the State of New Jersey" Amended Funding Agreement, Art. 7, Sect. 7.10; "This Guaranty shall be

5

governed band construed in accordance with the laws of the State of New Jersey." Mot. for Default J. Ex. 2, Guaranty ¶3.)

### A. Breach of Contract

To establish a breach of contract claim under New Jersey law, Mapssy must "show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." Murphy v. Implicito, 392 N.J. Super. 245, 265, 920 A.2d 678, 689 (App. Div. 2007).

On December 14, 2004, Mapssy and HVT entered into a funding agreement, which was amended on August 16, 2006. 2004 Funding Agreement ¶1; Amended Funding Agreement ¶1. The funding agreement establishes that Mapssy is entitled to receive commissions "equal to 8% of the Gross Sales financed by [Mapssy] for the first $5,000,000 in Gross Sales financed by it in any Year and 9% of the Gross Sales financed by it in any Year in excess of $5,000,000." 2004 Funding Agreement, Art. 2, Sect. 2.3. This percentage was later changed to 9%. 2006 Amended Funding Agreement ¶5. The amended funding agreement states that "Commissions shall be payable on or before the 10th day of each month with respect to Commissions accrued through the last day of the immediately preceding month." Amended Funding Agreement ¶6.

Mapssy's complaint alleges that around March of 2007, "it became evident to Mapssy that Hudson's sales were no longer sufficient to sustain or support the level of debt already incurred and outstanding under the Funding Agreement." Compl. ¶4. Insofar as HVT failed to timely remit to Mapssy commissions due, HVT breached the agreement.

Mapssy additionally claims that HVT and Rudolph "had stopped assigning receivables to Mapssy." Compl.¶4. Mapssy claims that "[w]ithout ongoing receivables, a significant source of

6

**NOT FOR PUBLICATION**

funds for repayment of the advances and 'over-advances' was eliminated" and that "promised reversals of certain 'charge-backs' from Hudson customers did not materialize." Id. ¶14

Under Article 3, Section 3.1 of the funding agreement, Mapssy was "entitled. . . to direct that payments on any accounts receivable . . . be made directly to it." 2004 Funding Agreement, Art. 3, Sect. 3.1. HVT agreed to "provide [Mapssy] with all assistance deemed necessary by [Mapssy] in connection with the collection of any accounts receivables." Id. By stopping receivables made directly to Mapssy, HVT breached the funding agreement. Mapssy is entitled to the funds due for repayment of the debts left outstanding by HVT's breach.

Mapssy is granted default judgment and is entitled to the commissions and funds due it by HVT.

### B. Personal Guaranty

Under the express terms of the guaranty Rudolph is personally responsible for the debt owed by HVT to Mapssy. The guaranty reads:

> The undersigned . . . guarantees the performance by Hudson Valley Trading, Inc . . . of all its payment obligations to Mapssy International Inc., . . . under the Funding Agreement dated as of December 13, 2004 between HVT and [Mapssy], as amended by Amendment No. 1 to Funding Agreement dated as of August__,2006, between such parties . . . when and as required to be performed pursuant to the Agreement. Mot. for Default J., Exhibit 2, Guaranty.

"Guaranty agreements are to be strictly construed." Housatonic Bank and Trust Co. v. Fleming, 234 N.J.Super. 79, 560 A.2d 97 (App.Div.1989). Indeed, "[w]here the terms of a contract are clear and unambiguous, there is no room for interpretation or construction and the courts must enforce those terms as written." Karl's Sales & Service, Inc. v. Gimbel Brothers, Inc., 249 N.J.Super. 487, 592 A.2d 647 (App.Div.1991) (citations omitted). Rudolph's commitment to "gurantee[] the performance by [HVT] of all its payment obligations" is unambiguous and

7

**NOT FOR PUBLICATION**

enforceable. It aligns with "[t]he purpose of requiring an individual guarantee from the owner of a corporate residential builder . . . to have security greater than the corporation's gossamer assurances of payment." Modern Technologies Group, Inc. v. Danzi, A-5287-08T3, 2010 WL 4107747 at *4 (N.J. Super. Ct. App. Div. Aug. 12, 2010). Mapssy's default judgment on Rudolph's guaranty is granted.

### C. Conversion and Breach of Duty

Mapssy argues that "with respect to any funds received by them on account of receivables transferred or sold to Mapssy" HVT and Rudolph committed the tort of conversion against it when "rather than holding such property for Plaintiff's benefit, [HVT] and Rudolph, and each of them, converted Hudson's property to its or his own use." Complaint ¶¶ 27, 30

"[T]he tort of conversion consists of the wrongful exercise of dominion and control over property owned by another in a manner inconsistent with the owner's rights." Commercial Ins. Co. of Newark v. Apgar, 111 N.J.Super. 108, 114-15 (Law Div.1970). But the dominion of money funds, like the funds claimed by Mapssy, do not always establish a claim for conversion. Rather, "[i]t is essential that the money converted by a tortfeasor must have belonged to the injured party." Id at 115. "An action for conversion will not lie in the context of a mere debt . . . . Where there is no obligation to return the identical money, but only a relationship of a debtor and creditor, an action for conversion of the funds representing the indebtedness will not lie against the debtor." Advanced Enterprises Recycling, Inc. v. Bercaw, 376 N.J. Super. 153, 161-62 (App. Div. 2005); see also 18 Am.Jur.2d Conversion § 8 (2004); 89 C.J.S. Trover & Conversion § 23 (1955).

Under the funding agreement Mapssy is "entitled at any time and from time to time, and in such manner as it deems best . . . to direct that payments on any accounts receivable . . . be

8

NOT FOR PUBLICATION

made directly to it." 2004 Funding Agreement, Art. 3 Sect. 3.1.  While Mapssy may have been entitled to receivables from HVT, the language "from time to time" suggests that Mapssy need not have collected specific monies, rather, that its right to receivables is simply a means of ensuring payment. There are not sufficient facts to establish whether Mapssy was entitled to receive the specific monies other than in relation to the collection of its debt. Because there are insufficient facts, Mapssy's claim of conversion is denied.

### III.     Propriety of Default Judgment

Mapssy has properly served Defendants with process, the Clerk of the Court has entered default against them, and Mapssy has established a legitimate cause of action for breach of contract against DVT and this Court has found that Rudolph is personally liable for DVT's outstanding debts. The Court now determines whether default judgment is appropriate by evaluating: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3rd Cir. 1999).

First, if a default judgment is not entered, Mapssy will continue to be harmed "because [it] will not be able to seek damages for [its] injuries due to defendant's continuing refusal to" participate in this case. Newman v. Axiom Worldwide, No. 06–5564, 2010 WL 2265227, at *5 (D.N.J. June 2, 2010). Furthermore, the amounts are subject to interest. Defendants will owe Mapssy more money the longer it does not receive payment, causing additional harm. See Howard Johnson, No. 11-918, 2011 WL 2148575, at *4 (D.N.J. May 31, 2011).

Second, HVT and Rudolph have offered no defense, and the facts asserted in the Complaint do not contain any information that could provide the basis for a meritorious defense. The Court assumes that the Defendants have no litigable defenses available. Rose Containerline,

9

**NOT FOR PUBLICATION**

Inc. v. Omega Shipping Co., No 10–4345, 2011 WL 1564637, at *3 (D.N.J. Apr.25, 2011) (internal citation omitted).

Finally, the Third Circuit has defined culpable conduct as "conduct that is taken willfully or in bad faith." Hill v. Williamsport Police Dept., 69 F. App'x 49, 52 (3d Cir.2003) (quotations omitted). "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir.2006) (citation omitted).

The Court finds that there is nothing in the record to suggest that HVT and Rudolph's delay is due to anything but their own culpable conduct. Days Inn Worldwide, Inc. v. Hartex Ventures, Inc., No. 10–336, 2011 WL 1211353, at *3 (D.N.J. March 28, 2011). The Court determines that HVT and Rudolph acted culpably because it has "failed to answer, move, or otherwise respond." Stonebridge Bank v. Nita Props., LLC, No. 09–5145, 2011 WL 380759, at *6 (D.N.J. Jan.31, 2011).

The default judgment analysis shows all prongs weigh in favor of Mapssy. Default judgment is appropriate in this case.

**IV.    Damages and Attorney's Fees**

This Court "does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing 'as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). Mapssy has asserted that damages

**NOT FOR PUBLICATION**

resulting from the breach of contract equal $477,672.20 together with interest at the contractual rate. But Mapssy has not submitted documentation to support these figures. Upon receipt of memoranda and proof of Defendant's outstanding debts by October 24, 2012, this Court will enter a damages judgment.

Mapssy also seeks attorney's fees and costs. Generally, attorney's fees are not recoverable in New Jersey, "unless authorized by statute or pursuant to one of the exceptions recognized by our Court Rules." Lovett v. The Estate of Lovett, 250 N.J.Super. 79, 94 (Ch.Div.1991). Attorney's fees may, however, "constitute an element of 'damages' in certain circumstances." Id. For example, "counsel fees may be recoverable as an element of damages when . . . a breach of contract, requires the victim to defend or prosecute a case against a third party." Flowers v. Viking Yacht Co., 366 N.J. Super. 49, 57-58 (Ch. Div. 2003) (citing Lovett at 94.) But attorney's fees "are only recoverable where the third party litigation is the 'natural and necessary' consequence of the defendant's wrongdoing. Remote, uncertain and contingent consequences do not afford a basis for recovery." Id. Here, HVT failed to remit funds due, and stopped assigning receivables to Mapssy, which eliminated most of the funds for repayment of the monies advanced by Mapssy. Compl. ¶14. In addition, HVT re-hypothecated the inventory and receivables securing Mapssy's loans to HVT and obtained financing from another funding institution. Id. ¶4. These actions constituted a willful breach of the contract which naturally necessitated this litigation. HVT and Rudolph failed to respond to this Court's repeated request for answer in the present Complaint. It follows that Mapssy is entitled to attorney's fees. Mapssy's request for attorney's fees is granted, subject to this Court's receipt of a detailed billing account by October 24, 2012.

**NOT FOR PUBLICATION**

Rule 54 of the Federal Rules of Civil Procedure provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Mapssy is the prevailing party in this case, and costs are awarded to Mapssy.

## CONCLUSION

Plaintiff's motion for default judgment is granted in part and denied in part.

**s/ William H. Walls**
United States Senior District Judge
